ZEICHNER ELLMAN & KRAUSE LLP

730 THIRD AVENUE

NEW YORK, NEW YORK 10017

TEL: (212) 223-0400

DANIEL P. RUBEL
(212) 826-5324
DRubel@zeklaw.com

WWW.ZEKLAW.COM

August 28, 2025

**BY ECF**

Honorable Arun Subramanian
United States District Court Judge
Southern District of New York
500 Pearl Street, Court Room 15A
New York, New York 10007

***In Re Ex Parte Application of Zhanel Shayakhmetova pursuant to 28 U.S.C. § 1782 for an Order Granting Leave to Obtain Discovery for Use in a Foreign Proceeding,***
***<u>Civil Case Nos.: 1:25-mc-00262-AS; 1:25-mc-00260-AS</u>***

Dear Judge Subramanian:

      This firm represents Sylvain Gehler ("Mr. Gehler") with respect to the above-captioned proceedings (the "1782 Proceedings"). We write, pursuant to Rule 11(C) of Your Honor's Individual Rules of Practice in Civil Cases, to respectfully request that certain documents submitted in connection with the forthcoming motions to quash in the 1782 Proceedings be filed under seal. We have consulted with counsel for Zhanel Shayakhmetova ("Applicant"), Tucker Ellis LLP, who has consented to this joint application.

      Under the current briefing schedules for the motions to quash in the 1782 Proceedings, Applicant's opposition briefs are due to be filed on September 3, 2025, and Mr. Gehler's replies are due to be filed on September 18, 2025.

      The parties anticipate that certain materials referenced in, or attached as exhibits to, both Applicant's opposition and, likely, Mr. Gehler's reply, will contain confidential and sensitive financial business information that is not appropriate for public disclosure. These materials were produced by Mr. Gehler to Ms. Shayakhmetova in the underlying UK Proceedings, in connection with which Ms. Shayakhmetova has filed her 1782 proceedings in this Court. The materials were subject to a requirement of English law, England's Collateral, Use Rule, that they not be used for any purposes other than the UK Proceedings. Subsequently, on August 22, 2025, in a hearing before the Honorable Mr. Justice Robin Knowles CBE, the English Court granted Ms. Shayakhmetova permission to use these materials for limited purposes, including responding to Mr. Gehler's motions to quash in the 1782 Proceedings. Accordingly, permitting the parties to file these documents under seal is necessary to protect the privacy and confidentiality of the financial records and related business materials at issue in this case. Public access to such information could compromise proprietary interests and disclose sensitive data that should otherwise remain protected. Additionally, filing the materials under seal would be consistent with how this issue was presented before the Honorable Mr. Justice Robin Knowles CBE at the hearing referred to above.

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Arun Subramanian
August 28, 2025
Page 2

Furthermore, "[c]ourts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests…." *IBM Corp. v. Micro Focus United States, Inc.*, No. 22-cv-9910 (VB)(VR), 2023 U.S. Dist. LEXIS 225012, at *3 (S.D.N.Y. Dec. 14, 2023); *see also Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22-cv-3235 (JPO)(KHP), 2024 U.S. Dist. LEXIS 40556, at *8 (S.D.N.Y. Mar. 6, 2024) (sealing is appropriate to protect "sensitive business information"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redactions of confidential business information of a privately held business, which "implicates legitimate privacy interests").

Here, in the 1782 Proceedings, the parties anticipate that certain filings submitted in connection with the opposition and reply briefs concerning the motions to quash will likely include confidential financial and business information. Such information may include, but is not limited to, sensitive proprietary, financial and banking records and documents. Disclosure of such materials would risk compromising private commercial interests and revealing information that is not pertinent to the public. Under these circumstances, the parties' significant privacy and confidentiality concerns outweigh any presumption of public access to judicial documents. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-120 (2d Cir. 2006) (courts weigh the "common law presumption of access" to judicial documents against "countervailing factors" like the privacy interests of the parties).

For these reasons, the parties respectfully request that the Court grant leave to file under seal any documents in the 1782 Proceedings that implicate these financial privacy concerns, in order to preserve their confidentiality and protect the sensitive business-related information contained therein.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Daniel P. Rubel

Daniel P. Rubel
Attorney for *Sylvain Gehler*

GRANTED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 24.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 2, 2025

cc: All counsel of record (by ECF)

7043587.1