UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ex Parte Application of Zhanel Shayakhmetova for an Order Granting Leave to Obtain Discovery for Use in a Foreign Proceeding, | 25-MC-260 (AS)<br>25-MC-262 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Zhanel Shayakhmetova has moved for leave to get discovery from two banks for use in a foreign dispute related to her inheritance. The Court granted her motions in both cases, but Silvain Gehler, her foreign adversary, has now appeared and asks the Court to vacate those orders. 25-mc-260, Dkts. 7, 18; 25-mc-262, Dkts. 8, 20. Shayakhmetova alleges that Gehler, a friend of her late father, improperly has her inheritance and won't give it up. She's brought a case in the United Kingdom to get it back. But she's stymied by a lack of information about the financial assets at the heart of the dispute. That's why she's asking for discovery from UBS and Societe Generale North America, two European banks with arms in the United States. She thinks that Gehler might have used either of them to move her inheritance around and that information about that will help her recover in her foreign proceeding. But, because Shayakhmetova doesn't carry her burden to satisfy the relevant statutory requirements, Gehler's motions to vacate are GRANTED.[1]

Whether discovery is permitted for a foreign proceeding depends on a three-part test. First, the discovery target must be "found in" the district; second, the discovery must be "for use" in a foreign proceeding; and third, the applicant for discovery must be an "interested person" in that foreign proceeding. 28 U.S.C. § 1782; *see also Sampedro v. Silver Point Capital, L.P.*, 958 F.3d 140, 143 (2d Cir. 2020). "If the statutory requirements are met, a district court has discretion to grant discovery under section 1782, so long as that discretion is exercised consistent with the purposes of the statute." *Sampedro*, 956 F.3d at 143. The two purposes of § 1782 are to efficiently provide assistance in international litigation and to encourage foreign countries to do the same for us. *Id.*

The Court starts and ends with its analysis of the first factor. Neither of Shayakhmetova's subpoena requests establishes that the recipients are "found in" this district. As a general matter, whether an entity is "found" here "extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 527 (2d Cir. 2019). That means that Shayakhmetova could establish that her subpoena targets are subject to either general or specific personal jurisdiction before this Court. She establishes neither for either target.

---

[1] Gehler, as the adversary in the foreign proceeding, has standing to intervene. *Kuwait Inv. Auth. v. Sarrio S.A.*, 119 F.3d 143, 148 (2d Cir. 1997).

With respect to general personal jurisdiction, the problem appears to be one of haphazard targeting. Both Societe Generale and UBS are large banks, based in Europe but composed of many subsidiaries across the world. "[T]he law regards parent and subsidiary corporations as separate for jurisdictional purposes." *In re Abraaj Inv. Mgmt. Ltd.*, 2023 WL 2674752 (S.D.N.Y. Mar. 29, 2023). That means precision is needed to identify which corporate entity Shayakhmetova wants to subpoena. She provides two: "Societe Generale North America" and "UBS AG." Neither supports general personal jurisdiction.

Starting with Societe Generale North America, Gehler argues that it isn't clear which corporate entity this label picks out. The Court agrees. Unlike UBS, Shayakhmetova doesn't provide the Court with an entity map of Societe Generale. Instead, her submission is limited to screenshots of the Societe Generale website for the Americas, which identifies its Park Avenue location as its "New York Head Office." 25-mc-260, Dkts. 27-7, 27-8. At first blush that might seem like the principal place of business of some entity called "Societe Generale North America," but those same screenshots suggest instead that the corporate entities at this office are "Societe Generale Branch & SG Americas Securities, LLC Locations." *Id.* That's ultimately the entity that Shayakhmetova tried to serve a subpoena on—but it isn't the one that she applied for one against. The one she applied to subpoena, Societe Generale North America, appears to have once existed but has since been dissolved or labeled inactive. 25-mc-260, Dkts. 29 ¶¶ 3–4; 29-1; 29-2.

Similar problems afflict the subpoena against UBS. Shayakhmetova's original petition asked for discovery from "UBS," but didn't specify which corporate entity. Then, in her proposed subpoena, she names the more specific "UBS AG." 25-mc-262, Dkt. 4-6 at 2. Though UBS AG is clearly a single corporate entity (and Shayakhmetova helpfully provides an entity map to prove it), it's a huge one with operations across the globe. For example, UBS AG controls not only UBS Americas Holding LLC, but also UBS Switzerland AG, UBS Europe SE, and Credit Suisse International. 25-mc-262, Dkt. 29-5. Maybe it's true that the headquarters of UBS Americas is in New York—Shayakhmetova certainly argues so. But "[a] corporation can only have one principal place of business," *Chambers v. Slade Industries, Inc.*, 2018 WL 11450160, at *1 (S.D.N.Y. Oct. 25, 2018), and a U.S. headquarters isn't the same as a global headquarters. UBS AG is domiciled in Switzerland and headquartered in Zurich and Basel. 25-mc-262, Dkt. 22 ¶ 32.

Taking a step back, that Shayakhmetova failed to identify the right corporate entity isn't a small flaw in her requests that could be easily overlooked. To authorize discovery, the Court must know the identity of the recipient so that it can establish whether it's "found in" in the district. Without that, the statutory requirements aren't met.[2]

---

[2] The Court is cognizant that other courts in this district have held that UBS AG is subject to general personal jurisdiction. *See, e.g.*, *In Re Golden Meditech Holdings Ltd.*, 2024 WL 1349135 (S.D.N.Y. Mar. 29, 2024); *In re Abraaj Inv. Mgmt. Ltd.*, 2023 WL 2674752 (S.D.N.Y. Mar. 29, 2023); *In re West African Mineral Trading Ltd.*, 2024 WL 3862293 (S.D.N.Y. Aug. 19, 2024). It respectfully disagrees with those decisions because, although they correctly identify that UBS AG has its U.S. headquarters in New York, they don't consider its global operations. Here, the application for discovery directly brings the global operations and corporate entities into question.

With general personal jurisdiction out, the next option is specific personal jurisdiction.[3] This too isn't met, again because of the vagueness of the requests. Shayakhmetova must show that the information she seeks "proximately resulted from the respondent's forum contacts." *In re del Valle Ruiz*, 939 F.3d at 530. Alternatively, given (what the Court accepts to be) the banks' extensive contacts with the district, she could instead show "only that the evidence sought would not be available but for [each] respondent's forum's contacts." *Id.*

Those contacts, on her theory, are comprised of the bank's extensive interactions with payments and clearinghouse systems supervised by the New York Federal Reserve. The banks facilitate "transfers to and from other large financial institutions with a U.S. presence," and Shayakhmetova argues that Gehler likely used them as pass-throughs to make transfers denominated in U.S. dollars. 25-mc-262, Dkt. 28 at 9. The second part of that sentence is where Shayakhmetova's argument becomes highly speculative. True, she alleges that Gehler transferred money to some charities based in New York as well as other recipients in the United States more broadly. But she doesn't explain why these banks (as opposed to any other) would have processed the money, nor does she explain how these banks' *New York offices* would have been responsible for processing those payments. *See In Re Litasco SA*, 2023 WL 8700957, at \*1–2 (S.D.N.Y. Dec. 15, 2023). The closest that she gets is pointing out that either the banks' regulators or the company that operates the fund-transfer service are in New York, but she doesn't connect those dots to either bank's operations. Shayakhmetova bears the burden of furnishing some basis to establish these connections, but she fails to do so. *In re Escallon*, 323 F. Supp. 3d 552, 555–56 (S.D.N.Y. Sept. 4, 2018).

That doesn't necessarily mean that Shayakhmetova is out of luck. She could submit renewed applications for subpoenas under 28 U.S.C. § 1782 that attempt to remedy these issues. Here are some possibilities. First, as to Societe Generale, to the extent that Shayakhmetova meant to target her request for discovery on "Societe Generale North America, Inc.," there is at least some evidence online that this is a domestic entity that was headquartered in this district at some point in time. Shayakhmetova should do her own research to make sure that this is true, that this entity is still active, that this entity is the one she wishes to subpoena, and that it is properly subject to a subpoena. Second, as to both banks, Shayakhmetova should support her application with evidence that indicates why these two banks *in particular* likely facilitated the transactions involved in the foreign proceedings through their New York operations. That could be based on further digging now, or by awaiting other discovery that Shayakhmetova receives in the foreign proceeding. Third, Shayakhmetova refers to several domestic entities that she alleges were involved in suspicious transactions; she can try to obtain information under § 1782 from those entities, filing her motion in the appropriate districts. The discovery she obtains may help form the basis for a future targeted

---

[3] Shayakhmetova's failure to identify a corporate entity for Societe Generale is also a reason why she would be unable to establish specific personal jurisdiction with respect to that request. But even if that weren't the case, her request would fail for the reasons given here.

application directed to the right bank. These are just some examples. (And of course, Sha-yakhmetova should furnish proper notice to the parties in the foreign proceedings in making any future application.) But for now, Shayakhmetova's applications for relief are deficient.

For the reasons set forth above, Gehler's motions to vacate the orders at 25-mc-260 Dkt. 18 and 25-mc-262 Dkt. 20 are GRANTED.

The Clerk of Court is directed to terminate Dkt. 18 in 25-mc-260 and Dkt. 20 in 25-mc-262.

SO ORDERED.

Dated: December 29, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge